UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 10, 2022

LETTER TO COUNSEL:

RE: *Christopher A. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. TJS-20-3443

Dear Counsel:

On November 25, 2020, Plaintiff Christopher A. petitioned this Court to review the Social Security Administration's final decision to deny his claim for supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 12 & 18. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand this case for further proceedings. This letter explains my rationale.

Christopher A. filed his application for SSI on January 22, 2016, with a protective filing date of December 1, 2015. Tr. 11, 188-94. He alleged a disability onset date of January 1, 2009. *Id.* His application was denied initially and upon reconsideration. Tr. 11. Christopher A. requested an administrative hearing, and a hearing was held on January 29, 2019, before an Administrative Law Judge ("ALJ"). Tr. 31-66. In a written decision dated July 1, 2019, the ALJ found that Christopher A. was not disabled under the Social Security Act. Tr. 8-30. The Appeals Council denied Christopher A.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-5.

The ALJ evaluated Christopher A.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Christopher A. had not engaged in substantial gainful activity since December 1, 2015, the protective filing date. Tr. 13. At step two, the ALJ found that Christopher A. suffered from the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the knees, bipolar disorder, and substance abuse disorder. *Id.* At step three, the ALJ found Christopher A.'s impairments, separately and in combination, failed to meet or equal in severity any listed

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On December 31, 2021, it was reassigned to me.

impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 13-16. The ALJ determined that Christopher A. retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) with additional limitations. He can lift and/or carry up to twenty pounds occasionally and ten pounds frequently. He can sit stand and/or walk up to six hours each in an eight-hour day so long as he can change posture between sitting and standing as often as every thirty minutes while remaining on task. He can frequently balance, climb ramps and stairs, stoop, crouch, crawl, and kneel. He can never climb ladders, ropes, or scaffolds. He is able to work in an environment that involves no exposure to unprotected heights, moving mechanical parts, and other potential workplace hazards. He is capable of engaging in unskilled work, i.e. tasks that can be learned in thirty days or less involving no more than simple, short instructions, and simple work-related decisions with few workplace changes. He is capable of work that involves no more than occasional or incidental interaction with coworkers or the public. He is capable of work that involves no assembly line work, or strictly enforced daily production quotas.

Tr. 16.

At step four, the ALJ determined that Christopher A. was unable to perform past relevant work. Tr. 24. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Christopher A. can perform, including sorter, inspector/packer, and assembler. Tr. 24-25. Accordingly, the ALJ found that Christopher A. was not disabled under the Social Security Act. Tr. 25.

Christopher A. argues that the ALJ erroneously assessed his RFC contrary to SSR 96-8p, 1996 WL 374184 (July 2, 1996). ECF No. 12-1 at 5-12. He maintains that the ALJ failed to perform properly a function-by-function assessment of his ability to perform the physical and mental demands of work. *Id.* at 7-8. In particular, he argues that (1) the ALJ failed to set forth a narrative discussion setting forth how the evidence supported each of the ALJ's conclusions; (2) the ALJ failed to explain how he determined that an individual with moderate limitations in concentration, persistence, or pace would be capable of maintaining concentration, attention, and pace for 85% of the workday; and (3) the ALJ failed to evaluate properly the opinions of Drs. Khaled Khalafallah and Simona Pick Both, his treating physicians. *Id.* at 8-12. Christopher A. also asserts that the ALJ failed to develop the administrative record properly. *Id.* at 3-5. For the reasons discussed below, the Court remands this case for further proceedings.

Christopher A. argues that the ALJ failed to evaluate properly the opinions of Drs. Khalafallah and Both, his treating physicians who opined that he could not work because of the chronicity of his illness (Tr. 521, 558). ECF No. 12-1 at 11-12. The ALJ found that "statements as to [Christopher A.'s] ability to perform regular or continuing work is an issue reserved to the Commissioner." Tr. 23 (citing 20 C.F.R. §§ 404.1520b(c)(3) and 416.920b(c)(3)). The ALJ thus found that "these statements are inherently neither valuable nor persuasive." *Id.*

As an initial matter, § 416.920b(c)(3) does not apply in this case because Christopher A. filed his claim for SSI before March 27, 2017. *See* 20 C.F.R. § 416.920b(c). Rather, § 416.927 applies. *See id.* § 416.927. For claims filed before March 27, 2017, opinions from medical sources that a claimant is disabled or unable to work are not medical opinions but instead opinions on issues reserved to the Commissioner. *Id.* § 416.927(d). "Under Fourth Circuit law, this simply means that 'when a medical source renders an opinion that a claimant is disabled or unable to work, the ALJ will consider all of the medical findings and other evidence that support the medical source's opinion, but will not necessarily make a favorable disability determination.'" *Cumbee v. Kijakazi*, No. 7:20-CV-59-FL, 2021 WL 4447625, at *6 (E.D.N.C. Sept. 28, 2021) (quoting *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 256 (4th Cir. 2017)). "Nevertheless, 'opinions from any medical source about issues reserved to the Commissioner must never be ignored, and . . . the notice of the determination or decision must explain the consideration given to the treating source's opinion(s).'" *Id.* (alteration in original) (quoting SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996)). "The ALJ may not treat the fact that the medical opinion is on an issue reserved for the Commissioner as an outcome-determinative reason to reject that opinion either." *Id.* (citing *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 109 (4th Cir. 2020); *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006)). For example, an ALJ may not dismiss a treating physician's opinion solely because it is on an issue reserved for the Commissioner or because the opinion is more vocational than medical and thus not worthy of great weight. *Id.*; *see Arakas*, 983 F.3d at 109.

Here, instead of discounting the treating physicians' opinions as opinions on an issue reserved to the Commissioner, the ALJ should have treated them as not controlling and then should have considered each of the six factors in 20 C.F.R. § 416.927(c) to determine the weight the opinions should have been afforded. *See Cumbee*, 2021 WL 4447625, at *7; *see also Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 384-85 (4th Cir. 2021) (determining that, if a treating source's opinion is not entitled to controlling weight, the ALJ "must consider each of the following factors to determine the weight the opinion should be afforded: (1) the '[l]ength of the treatment relationship and the frequency of examination'; (2) the '[n]ature and extent of the treatment relationship'; (3) '[s]upportability,' i.e., the extent to which the treating physician 'presents relevant evidence to support [the] medical opinion'; (4) '[c]onsistency,' i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to 'issues related to his or her area of specialty'; and (6) any other factors raised by the parties 'which tend to support or contradict the medical opinion'" (alterations in original)); 20 C.F.R. § 416.927(c)(2)(i)-(6). The ALJ's failure to do so frustrates judicial review of whether substantial evidence supports the ALJ's conclusions. *See Cumbee*, 2021 WL 4447625, at *7 (citing *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013)).

The Acting Commissioner points to evidence in the record that she argues is persuasive contradictory evidence that does not support the opinions of Drs. Kalafallah and Both. ECF No. 18-1 at 19-20. "However, this only implicates, at most, two of the relevant factors, 'consistency and supportability.'" *Cumbee*, 2021 WL 4447625, at *5 (citing *Dowling*, 986 F.3d at 385). The Acting Commissioner finally argues that, in any event, any error in the ALJ's consideration of these opinions is harmless. ECF No. 18-1 at 20-21. The ALJ, however, "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). An ALJ's failure to do

3

so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). The Court thus remands this case for further proceedings.

Because the Court will remand this case because of the ALJ's consideration of the opinions of Christopher A.'s treating physicians, the Court declines to address Christopher A.'s remaining arguments regarding the ALJ's narrative discussion, the ALJ's consideration of his ability to stay on task during a workday, and the ALJ's duty to develop the record. The Court expresses no opinion on the ultimate issue of Christopher A.'s disability.

For the reasons set forth above, both parties' motions for summary judgment (ECF Nos. 12 & 18) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge